**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **D.H.-1, D.H.-2, D.N., and L.N.**

**No. 22-0200** (Kanawha County 21-JA-287, 21-JA-288, 21-JA-289, and 21-290)

**MEMORANDUM DECISION**

Petitioner Mother K.N., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's February 17, 2022, order terminating her parental rights to D.H.-1, D.H.-2, D.N., and L.N.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, J. Rudy Martin, also filed a response on the children's behalf in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2021, the DHHR filed a petition alleging that petitioner had been charged and incarcerated for child sex trafficking her seventeen-year-old stepdaughter in Fayette County, West Virginia.[2] The DHHR explained that D.N., D.H.-1, and D.H.-2, primarily lived with their respective nonoffending fathers. In October of 2021, the circuit court held an adjudicatory hearing. The DHHR moved the court to take judicial notice of petitioner's federal criminal proceedings, wherein she pled guilty to conspiracy to engage in child sex trafficking and was

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as two of the children share the same initials, we refer to them as D.H.-1 and D.H.-2 throughout this memorandum decision.

[2]Petitioner's rights as they relate to her stepdaughter are not at issue on appeal.

1

subject to an indeterminate one-to-three-year sentence which had yet to be imposed. Based upon this evidence, the circuit court adjudicated petitioner as an abusing parent and the children as abused children.

In February of 2022, the circuit court held a contested dispositional hearing. It heard evidence that petitioner's sentencing hearing had been delayed pending the trial of her co-conspirator. Petitioner moved for a post-adjudicatory improvement period, arguing that she would participate in services once released from incarceration. Ultimately, the circuit court found that petitioner exhibited an egregious lack of judgment that placed a minor child in peril, that aggravated circumstances existed such that the DHHR was not required to make reasonable efforts to reunify the family, and that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. The court concluded that it was necessary for the children's welfare to terminate petitioner's parental rights, that there was no less-restrictive alternative to termination of her parental rights, and that no post-termination visitation was warranted. The circuit court terminated petitioner's parental rights by its February 17, 2022, order. Petitioner now appeals.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period, asserting that she was not provided services due to her incarceration despite her willingness to participate in reunification services. We disagree. Petitioner was required and failed to prove by "clear and convincing evidence, that [she was] likely to fully participate in the improvement period." *See* W. Va. Code § 49-4-610(B). She

---

[3]L.N.'s father is deceased. The permanency plan for that child is adoption in her current placement. D.H.-1, D.H.-2, and D.N. are in the custody of their respective nonoffending fathers and have achieved permanency.

presented only her own self-serving testimony that she was likely to participate in an improvement period upon her release. "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). Upon the evidence presented, we find no abuse of discretion in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

Further, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative. However, petitioner does not challenge the circuit court's finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. *See* W. Va. Code § 49-4-604(c)(6) (authorizing the termination of a parent's parental rights upon such findings.) Petitioner pled guilty to conspiracy to sex traffic her seventeen-year-old stepdaughter. Thus, her children's health and welfare were "harmed or threatened by . . . sexual abuse or sexual exploitation." *See* W. Va. Code § 49-1-201 (definition of abused child). There was no evidence presented that petitioner attempted to correct this condition of abuse during the proceedings. Moreover, "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As the circuit court's findings are fully supported by the record, we find no error in the termination of petitioner's parental rights rather than the imposition of a less-restrictive dispositional alternative.[4]

Finally, petitioner argues that the circuit court erred in denying her post-termination visitation with the children. Despite petitioner's argument that the evidence shows that she engaged in daily phone calls with her sons while incarcerated for conspiracy to engage in child sex trafficking, there is no evidence in the record that such contact was beneficial to the children or in their best interests. *See* Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002) (holding that, when considering post-termination visitation, a circuit court should consider whether a close emotional bond exists, whether visitation would be the child's best interest and not detrimental to the child's wellbeing, and the child's wishes).[5] Based on a lack of evidence that continued contact with petitioner was in the children's best interest and not detrimental to

---

[4]To the extent petitioner argues that the termination of her parental rights was unwarranted because the children were in the care of their nonabusing fathers, we have repeatedly held that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). Further, "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *Id*.

[5]The Court also notes that the DHHR and the guardian objected to petitioner having post-termination visitation with the children based on petitioner's criminal conviction.

their wellbeing, we find no error in the circuit court denying petitioner post-termination visitation with the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 17, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn